IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARGIE GREGOR                                                                                    PLAINTIFF

vs.                                        Civil No. 6:14-cv-06055

CAROLYN COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Margie Gregor ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on July 30, 2011.  (Tr. 13, 118-121).  Plaintiff alleged she was disabled due to metabolic myopathy and fibromyalgia.  (Tr. 137).  Plaintiff alleged an onset date of June 16, 2011.  (Tr. 137).  This application was denied initially and again upon reconsideration.  (Tr. 70-72, 77-78).  Thereafter, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

application and this hearing request was granted. (Tr. 79-80).

Plaintiff's administrative hearing was held on December 11, 2012. (Tr. 28-66). Plaintiff was present and was represented by counsel, Shannon Muse Carroll, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem, testified at the hearing. *Id.* At the time of this hearing, Plaintiff was fifty (50) years old and had graduated from high school. (Tr. 34-35).

On February 22, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 13-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 16, 2011. (Tr. 15, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of fibromyalgia, back/spine disorder, osteoarthrosis, hypertension, and asthma. (Tr. 15, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-22). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except can occasionally climb ladders, balance, stoop, kneel, crouch, and crawl; should not climb ladders; can use either arm occasionally for overhead reaching; must avoid exposure to extreme cold and high concentrations of dust, fumes, gases, odors, smoke, poor ventilation, or other airborne irritants; and must avoid exposure to hazards such as machinery and unprotected heights. (Tr. 19, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff was able to perform her PRW as a records clerk. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 16, 2011 through the date of the decision. (Tr. 23, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On April 21, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 22, 2014. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

3

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing and (B) in the weight given the opinions of Plaintiff's physician. ECF No. 10, Pgs. 13-21. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

**<u>A. Listings</u>**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included fibromyalgia, back/spine disorder, osteoarthrosis, hypertension, and asthma. (Tr. 15, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues her fibromyalgia, spondyloarthritis, and arthritis meet Listing 1.02. ECF No. 10, Pgs. 13-18. In Plaintiff's Reply briefing, she adds an argument she also meets Listing 14.09 for inflammatory arthritis. ECF No. 12.

To meet Listing 1.02, Plaintiff must have a major dysfunction of a joint with clinical evidence of joint space narrowing, bony destruction, or ankylosis, with either:

    A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively, or

    B. Involvement of one major peripheral joint in each upper extremity (i.e.,shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively.

To begin with, treatment records do not establish any showing that Plaintiff has a gross anatomical deformity of a joint with findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint. In fact, medical evidence shows Plaintiff had several imagining studies which were either normal or showed no significant abnormality. (Tr. 219, 225, 236, 243, 245, 262, 271, 272).

Furthermore, Plaintiff can not establish she has involvement of one major peripheral weight-bearing joint resulting in inability to ambulate effectively or involvement of one major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability

to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

An inability to perform fine and gross movements effectively means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively. Also, it should be noted, when asked to identify the abilities affected by her conditions, Plaintiff did not identify using hands as one of the abilities affected. (Tr. 137).

Additionally, Plaintiff does not have a joint dysfunction that resulted in an inability to ambulate effectively. Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items.

Plaintiff also argues she meets Listing 14.09 for inflammatory arthritis. ECF No. 12.[2]

---

[2] It should be noted this argument was only made in her Reply Brief.

Plaintiff's argument in support of her claim of meeting this listing is she has met her burden that she suffers ineffective ambulation as a result of her fibromyaliga, peripheral neuropathy, spondyloarthropathies, ankylosis spondylitis, weakness of both legs, rheumatoid arthritis, osteopenia due to chronic steroid use, sacroiliitis, and Tarlov cyst at S2 on the left. ECF No. 12, Pg. 3.

As with Listing 1.02, here also Plaintiff does not have a joint dysfunction that resulted in an inability to ambulate effectively. Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013

(quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the opinions of Dr. James Logan. ECF No. 10, Pgs. 18-20. Although Plaintiff fails to specify what opinion was not given proper weight, Plaintiff does make a brief reference to an RFC finding made by Dr. Logan of Plaintiff having a less than sedentary work level capability. However, Plaintiff's argument is without merit.

In an RFC report of March 17, 2013 Dr. Logan states Plaintiff suffers from back pain and osteopenia and has a poor prognosis. (Tr. 708-712). Dr. Logan's findings indicate Plaintiff is only capable of less than sedentary work. *Id.*

Although Plaintiff argues the ALJ failed to give proper weight to the opinions of Dr. Logan, the RFC report prepared by him was completed on March 27, 2103, which was one month following the ALJ's decision, therefore, the ALJ had no opportunity to review the report. In the present case, Plaintiff filed Dr. Logan's report with the Appeals Council, which was reviewed and considered prior to the issuance of the Appeals Council's determination. (Tr. 1-6).

When "a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council must consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Id*. In this matter in can not be said this report relates to Plaintiff's condition before the date of the decision.

Finally, it should be noted Dr. Logan's RFC report is checkbox questionnaire. (Tr. 708-713).

Conclusory checkbox forms, like the one at issue, have little evidentiary value.  *See Anderson v. Astrue*, 696 F.3d 790 (8th Cir. 2012).

Based on the above, I find there was no error in the weight given or the treatment of the opinions of Dr. Logan.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **6th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE